## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA HEADY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:15-cv-01452** |
| **CHUBB LLOYD'S INSURANCE** | § | |
| **COMPANY OF TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), and Rule 81.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, Defendant Chubb Lloyd's Insurance Company of Texas files this Notice of Removal and shows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.      On April 13, 2015, Plaintiff Barbara Heady ("Plaintiff") filed suit against Defendant Chubb Lloyd's Insurance Company of Texas ("Defendant") in a civil action styled *Barbara Heady v. Chubb Lloyd's Insurance Company of Texas*, Cause No. DC-15-04139 in the 191st District Court of Dallas County, Texas (the "State Court Action").

2.      On April 20, 2015, Plaintiff served Defendant with a Citation and her Original Petition (the "Petition") in the State Court Action through its statutory agent, CT Corporation System.

3.      In the Petition, Plaintiff seeks declaratory relief under an insurance policy issued by Defendant, asserts claims against Defendant for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act, and seeks recovery of damages in excess of $1,000,000.00.

## BASIS FOR REMOVAL

4.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.      COMPLETE DIVERSITY OF CITIZENSHIP

5.      Plaintiff is an individual residing in Dallas County, Texas. Under applicable law, Plaintiff is, both now and when this action was filed, a citizen of Texas.

6.      Defendant is an insurer authorized to do business in Texas. Defendant is an unincorporated association and its citizenship for purposes of determining diversity jurisdiction is determined solely by the citizenship of each of its members. *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877 (5th Cir. 1993). Each and every member of Defendant is a citizen of either New Jersey or New York. Under applicable law, Defendant is, both now and when this action was filed, a citizen of New Jersey and New York.

7.      Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

### B.      AMOUNT IN CONTROVERSY REQUIREMENT

8.      The Petition expressly asserts that Plaintiff seeks recovery of damages in excess of $1,000,000.00 against Defendant. Plaintiff seeks recovery of actual damages and treble damages for alleged violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Additionally, Plaintiff seeks recovery of attorneys' fees.

9.      Although Defendant disputes liability and damages, it is evident from the Petition that Plaintiff purports to allege claims for monetary relief that, if granted, would exceed $75,000.00. Therefore, based on Plaintiff's claims for damages, the amount in controversy requirement is satisfied.

C.      REMOVAL IS TIMELY AND ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

10.     Plaintiff served the State Court Action on Defendant on April 20, 2015. This Notice of Removal is therefore timely filed within thirty (30) days of receipt of service of the Citation and Petition by Defendant pursuant to 28 U.S.C. § 1446(b).

11.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all process, pleadings and orders filed in the State Court Action as of this date, and a copy of the state court's docket sheet, are contained in the Index of Documents, which is attached hereto as Exhibit "A" and filed with this Notice of Removal.

12.     Contemporaneously with the filing of this Notice of Removal, Defendant has given written notice of the removal to Plaintiff through her attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

13.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Local Rule 81.1, removal of the State Court Action is proper. Venue is proper for removal to this district pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place in which the State Court Action is pending.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this action now pending in the 191st District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. Defendant further requests that this Court grant it any such other and further relief that it may be justly entitled to.

Respectfully submitted,

By: */s/ Veronica M. Bates*
    Veronica M. Bates
    State Bar No. 01912795
    veronica.bates@hsblaw.com

    Omar Galicia
    State Bar No. 24012667
    omar.galicia@hsblaw.com

**HERMES SARGENT BATES, L.L.P.**
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:  (214) 749-6000
Facsimile:  (214) 749-6100
**ATTORNEYS FOR DEFENDANT**


<u>**CERTIFICATE OF SERVICE**</u>

    On May 8, 2015, a true and correct copy of the foregoing Notice of Removal was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

James D. Zopolsky
James C. Erdle, Jr.
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, Texas 75254


    */s/ Veronica M. Bates*
    **VERONICA M. BATES**